UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LAURA WALSH and PAUL L. GREER, JR., <br><br> Plaintiffs, <br><br> v. <br><br> HOUSEHOLD FINANCE CORP. III, U.S. BANK TRUST, N.A., DEUTSCHE BANK NATIONAL TRUST, and LSF9 MASTER PARTICIPATION TRUST, <br><br> Defendants. | Civ. No. 15-4112 (KM) (MAH) <br><br> **MEMORANDUM OPINION** |

**MCNULTY, U.S.D.J.:**

The plaintiffs, Laura Walsh and Paul L. Greer, Jr., bring this action seeking to enforce a purported rescission of a note and mortgage on a residential property in Englewood, New Jersey. The complaint alleges that Defendants Household Finance Corp. III ("HFC III"), U.S. Bank Trust, N.A. ("U.S. Bank"), Deutsche Bank National Trust ("Deutsche Bank"), and LSF9 Master Participation Trust ("LSF9") violated the Truth in Lending Act ("TILA"), 15 U.S.C. § 1635 et seq., and related Regulation Z, 12 C.F.R. § 226.23. The Complaint demands a return of the note and mortgage, restitution of moneys paid under the note, statutory damages under TILA, and attorney's fees.

Now before the Court is the motion of Defendant HFC III to vacate the entry of default against it. (Dkt. No. 19) For the reasons set forth below, that motion is granted. Also before the Court is the motion of U.S. Bank and LSF9 to dismiss the Amended Complaint. (Dkt. No. 9) For the reasons set forth below, that motion is administratively terminated.

1

**BACKGROUND**

On March 21, 2007, the plaintiffs obtained a loan in the amount of $468,967.49 from Defendant HFC III to refinance an existing mortgage on their house located at 364 Knickerbocker Road, Englewood, New Jersey (the "Property"). (Amended Complaint, Dkt. No. 3 ("Compl.") ¶¶ 5, 11) The loan was secured by a mortgage on the Property. (*Id.*, Ex. A) On March 27, 2011, HFC III sent a letter to Plaintiffs noting that the loan had been processed and disbursed, that the account number had changed, and that the first payment due date had been adjusted based on the actual disbursement date. (*Id.* ¶¶ 12, 13, Ex. B)

On December 30, 2014, HFC III assigned the mortgage to Defendant US Bank, as Trustee for LSF9. The assignment was recorded on January 14, 2015. (Certification of Thomas M. Brodowski, Esq., In Support of Motion to Vacate Entry of Default, dated November 25, 2015, Dkt. No. 19-4 ("Brodowski Cert.") ¶ 2)

On February 20, 2015, Plaintiffs mailed a Notice of Rescission to HFC III, U.S. Bank, and Deutsche Bank. (Compl. ¶¶ 16, 19, 22) Plaintiffs allege that none of the Defendants contested the Notice of Rescission within the twenty days required under TILA. (*Id.* ¶¶ 17, 20, 23)

Plaintiffs filed their complaint in this action on June 17, 2015. (Dkt. No. 1) Shortly thereafter, on July 1, 2015, Plaintiffs filed an Amended Complaint, adding defendant LSF9. (Dkt. No. 3) A Summons was issued as to all Defendants and returned executed on October 25, 2015. (Dkt. No. 6) With respect to HFC III, the process server affirmed that it left a copy of the Summons and Amended Complaint with a person authorized to accept service on behalf of HFC III on October 7, 2015. (Dkt. No. 6 p. 7) U.S. Bank and LSF9 were served on October 8, and Deutsche Bank was served on October 9, 2015. (Dkt. No. 6) On November 2, 2015, following Plaintiffs' request, default was entered against HFC III and Deutsche Bank. (Dkt. No. 8) U.S. Bank and LSF9 moved to dismiss the Amended Complaint on November 19, 2015. (Dkt. No. 9)

On November 20, 2015, counsel for HFC III appeared in this action. (Dkt. Nos. 12-14) HFC III filed the instant motion to vacate the entry of default on November 30, 2015. (Dkt. No. 19) Plaintiffs filed an opposition on December 22, 2015. (Dkt. No. 26)

**LEGAL STANDARD**

Under Fed. R. Civ. P. 55(c), a district court "may set aside an entry of default for good cause." The decision whether to vacate a default judgment is left "to the sound discretion of the trial court." *Tozer*, 189 F.2d at 245. In exercising this discretion, a court must consider (1) "whether the plaintiff will be prejudiced," (2) "whether the defendant has a meritorious defense," and (3) "whether the default was the result of the defendant's culpable conduct." *Budget Blinds, Inc. v. White*, 536 F.3d 244, 256-57 (3d Cir. 2008) (quoting *$55,518.05 in U.S. Currency*, 728 F.2d at 195). In essence, the factors to be considered in determining whether to vacate the entry of default are the same as those to be considered with respect to a default judgment; the parties' positions are simply flipped.

When a party moves to set aside a default, any doubts as to whether the default should be vacated "should be resolved in favor of setting aside the default and reaching a decision on the merits." *Gross v. Stereo Component Sys. Inc.*, 700 F.2d 120, 122 (3d Cir. 1983). "Less substantial grounds may be adequate for setting aside a default than would be required for opening a judgment." *Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 656 (3d Cir. 1982).

**DISCUSSION**

**A.   HFC Motion to Set Aside Default**

Each of the three factors weighs in favor of granting HFC III's motion to vacate the Clerk's entry of default.

### 1. Factor 1 – Prejudice to the Plaintiff

Prejudice is found where "a plaintiff's ability to pursue the claim has been hindered by, for example, loss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the judgment." *Nationwide*

*Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 175 F. App'x 519, 523-24 (3d Cir. 2006) (citing *Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 657 (3d Cir. 1982)). Mere delay in the adjudication of a claim does not by itself establish prejudice. *See Feliciano*, 691 F.2d at 656-57 ("Delay in realizing satisfaction on a claim rarely serves to establish the degree of prejudice sufficient to prevent the opening a default judgment entered at an early stage of the proceeding.").

Here, there is no discernible prejudice to the Plaintiffs that would result from setting aside the default. Nothing of significance has occurred in the interim. There is no indication made that evidence has been lost or witnesses have become unavailable. Plaintiffs' argument that unrelated litigation pertaining to HSBC, the parent corporation of HFC III, demonstrates that HSBC is an "international crime syndicate" and that therefore, there is a risk of destruction of evidence by a subsidiary, is speculative in the extreme. Similarly, there is no indication of any fraud or collusion. Furthermore, although Plaintiffs summarily claim to have "relied" on the entry of default against HFC III, such a conclusory statement will not carry the day absent an explanation as to how they have so relied. Finally, Plaintiffs contend that any prolongation of the case prejudices them financially because one of the plaintiffs is apparently working full-time on this case. Mere delay, however, is not a sufficient basis for finding prejudice. Accordingly, I find that this factor weighs in favor of vacating the entry of default.

### 2. Factor 2 – Meritorious Defense

In determining whether to vacate the entry of default, a court must determine whether the "allegations of defendant's answer, if established at trial, would constitute a complete defense to the action." *$55,518.05 in U.S. Currency*, 728 F.2d at 195. The defendant need not prove that he will prevail at trial, but that he has a defense which is meritorious on its face. *Id.*

Here, HFC III presents meritorious defenses. First, HFC III argues that Plaintiffs' claims are barred by the applicable statute of limitations. Specifically, HFC III contends that, under 15 U.S.C. § 1635(f), Plaintiffs' right of rescission

4

expired three years after the date the transaction was consummated in 2007. The right of rescission under TILA "expire[s] three years after the date of consummation of the transaction or upon the sale of the property, whichever comes first." *Jesinoski v. Countrywide Home Loans, Inc.*, __ U.S. __, 135 S.Ct. 790, 792 (2015)(quoting 15 U.S.C. § 1635(f)). That three-year limitation is not a statute of limitation, barring untimely suits; it "govern[s] the life of the underlying right." *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 417, 118 S. Ct. 1408, 1412 (1998); *Williams v. Wells Fargo Home Mortgage, Inc.*, 410 F. App'x 495, 499 (3d Cir. 2011) (noting that the three-year period is not subject to equitable tolling). By the "uncompromising provision of § 1635(f) ... the borrower's right 'shall expire' with the running of the time." *Beach*, 523 U.S. at 418, 118 S. Ct. at 1412–13 (citing 15 U.S.C. § 1635(f)). Thus "the Act permits no federal right to rescind, defensively or otherwise, after the 3-year period of § 1635(f) has run." *Id.* at 419, 118 S. Ct. at 1413.

According to HFC III, the loan was consummated on the date of closing, March 21, 2007. Plaintiffs' final deadline to rescind the loan was therefore March 21, 2010. They did not first seek rescission until nearly five years later, on February 20, 2015.

Plaintiffs believe that the loan was not actually "consummated" on March 21, 2007, due to the alleged failure to disclose the identity of the "true" lender. Plaintiffs thus argue that the three-year clock did not begin to run on the date of closing. Although I do not decide this TILA limitations defense, I do say that it has surface merit.

HFC III also presents defenses to the merits of Plaintiffs' case. HFC III argues that it did, in fact, respond to and contest Plaintiffs' Notice of Rescission by letter dated March 3, 2015, and thus did not violate TILA's requirement to respond to such notices within twenty days. (Brodowski Cert. ¶ 3) HFC III also contends that it is not the proper entity to be noticed for a rescission demand because it no longer holds or services the loan following the assignment to U.S.

Bank Trust, N.A. as Trustee for LSF9 Master Participation Trust on December 20, 2014. (*Id.* ¶ 2, Ex. 1)

Rather than offer a simple denial, HFC III has presented meritorious defenses. Accordingly, I find that this factor weighs in favor of setting aside the entry of default.

### 3. Factor 3 – Culpability

Finally, I consider whether the default was the result of HFC III's culpable conduct. *$55,518.05 in U.S. Currency*, 728 F.2d at 195. Culpable conduct means "more than mere negligence," and connotes willfulness, bad faith, and intentionally avoidance of compliance with court procedures, or "reckless disregard for repeated communications from plaintiffs and the court." *Hritz*, 732 F.2d at 1182-83. The failure to respond to a claim, especially where it is the result of miscommunication or ignorance, rather than bad faith or defense gamesmanship, will generally not be considered culpable conduct. *Waller*, 2016 WL 184422 at *4 (citing *Wingate Inns Intern., Inc. v. P.G.S., LLC*, 2011 WL 256327, at *4 (D.N.J. Jan. 26, 2011)).

Here, the affidavit submitted in support of the entry of default noted that the process server left a copy of the Summons and Amended Complaint with Amy McLaren, an authorized person at HFC III's registered agent, The Corporation Trust Co., in Wilmington, Delaware, on October 7, 2015. (Dkt. No. 8-2) HFC III does not argue with this; rather HFC III contends that it was not aware of the papers until November 19, 2015. (Certification of Dana St. Clair-Hougham in Support of Motion to Vacate Entry of Default, dated November 30, 2015, Dkt. No. 19-3 ("St. Clair Cert.") ¶ 6) HFC III's explanation is that the papers left by the process server were designated as relating to a foreclosure matter and hence were routed to the foreclosure department, rather than the legal department. (*Id.* ¶ 7) HFC III's outside counsel learned of the existence of this case and the default entered against HFC III on November 19, 2015, and notified HFC III. (*Id.* ¶ 6; Brodowski Cert. ¶ 4) HFC III retained counsel the same day and immediately thereafter, on November 20, 2015, filed an

6

appearance in this action and moved to set aside the default. (St. Clair Cert. ¶ 8; Dkt. Nos. 12-14)

I find that this is a simple case of inadvertence. There is no indication that HFC III failed to respond to the claim in bad faith or in pursuit of some devious strategy, whatever that might be. The misdirection of the Summons and Amended Complaint to the wrong department constituted no more than negligence. After learning of the existence of the action and the entry of default, HFC III quickly appeared and moved to set aside the default. Accordingly, this factor, too, weighs in favor of setting aside the entry of default judgment.

On balance, I find that all three factors weigh in favor of setting aside the Clerk's entry of default against HFC III and I exercise my discretion to vacate that entry of default. HFC III is directed to file a responsive pleading within the time permitted under Fed. R. Civ. P. 12(a).

**B.     U.S. Bank and LSF9 Motion to Dismiss**

The Court is in receipt of the motion of U.S. Bank and LSF9 to dismiss the Amended Complaint (Dkt. No. 9) Given the arguments presented by HFC III in its motion to vacate the entry of default, it is predictable that HFC will be filing a motion to dismiss, and that any such motion may contain arguments common to all defendants. The defense based on the TILA limitations period, for example, which is the centerpiece of HFC III's motion to vacate default, seems to have surfaced in the reply brief on the motion of U.S. Bank and LSF9, denying plaintiff an opportunity to fully respond to it. (Dkt. No. 18) HFC III's arguments about which defendant bears responsibility for which claims, too, may be mooted once all defendants are in the case and have asserted all their arguments.

In the interest of efficiency, then, the motion (Dkt. No. 9) of Defendants U.S. Bank and LSF9 to dismiss the complaint is administratively terminated pending the responsive pleading or motion to be filed by HFC III. Once that has been done, U.S. Bank and LSF9 may, by filing a letter with the Court, elect to restore their motion to the Court's calendar; join in any arguments asserted by HFC III; and/or resubmit their motion in revised form.

## CONCLUSION

For the reasons set forth above, the motion of HFC III to vacate the Clerk's entry of default is granted, and the motion of U.S. Bank and LSF9 to dismiss the complaint is administratively terminated. An appropriate Order follows.

Dated: April 7, 2016

_____
HON. KEVIN MCNULTY, U.S.D.J.