UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LAURA WALSH and PAUL L. GREER, JR., <br><br> Plaintiffs, <br><br> v. <br><br> HOUSEHOLD FINANCE CORP. III, U.S. BANK TRUST, N.A., DEUTSCHE BANK NATIONAL TRUST, and LSF9 MASTER PARTICIPATION TRUST, <br><br> Defendants. | Civ. No. 15-4112 (KM) (MAH) <br><br> **MEMORANDUM OPINION** |

**MCNULTY, U.S.D.J.:**

**I.   Introduction**

The plaintiffs, Laura Walsh and Paul L. Greer, Jr., bring this action seeking to enforce a purported rescission of a note and mortgage on a residential property in Englewood, New Jersey. The amended complaint (ECF no. 3, referred to herein as the Complaint, and cited as "Compl.") alleges that the defendants, Household Finance Corp. III ("HFC III"), U.S. Bank Trust, N.A. ("U.S. Bank"), Deutsche Bank National Trust ("Deutsche Bank"), and LSF9 Master Participation Trust ("LSF9"), violated the Truth in Lending Act ("TILA"), 15 U.S.C. § 1635 *et seq.*, and related Regulation Z, 12 C.F.R. § 226.23. The Complaint demands a return of the note and mortgage, restitution of moneys paid under the note, statutory damages under TILA, and attorney's fees.

Now before the Court is the motion of Defendant HFC III, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss the Complaint. (ECF no. 34) Defendants U.S. Bank and LSF9 have also submitted a motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6). (ECF no. 36) For the reasons set forth below, those

motions are granted.¹ Also before the Court is Plaintiffs' motion to Deem LSF9's Motion to Dismiss Deficient and Strike from the Record. (ECF no. 42) That motion is denied.

**II.     Factual Background**

On March 21, 2007, Plaintiffs obtained a loan in the amount of $468,967.49 from Defendant HFC III to refinance an existing mortgage on their house, located at 364 Knickerbocker Road, Englewood, New Jersey (the "Property"). (Compl. ¶¶ 5, 11) The loan was secured by a mortgage on the Property. (*Id.*, Ex. A)

On March 27, 2007, HFC III sent a letter to Plaintiffs noting that the loan had been processed and disbursed, that the account number had changed, and that the first payment due date had been adjusted based on the actual disbursement date. (*Id.* ¶¶ 12, 13, Ex. B)

Nearly eight years later, on February 20, 2015, Plaintiffs mailed a Notice of Rescission to HFC III and to U.S. Bank, stating that Plaintiffs were rescinding the transaction pursuant to the Federal Truth in Lending Act ("TILA"). (Compl. ¶¶ 16, 19) Similarly, on March 20, 2015, Plaintiffs sent a

---

¹    Plaintiffs move this Court to "Deem LSF9's Motion to Dismiss Deficient and Strike [it] from the Record" (ECF no. 42), for lack of compliance with Rule 7.1 of the Federal Rules of Civil Procedure. Rule 7.1 requires that "[a] nongovernmental corporate party must file two copies of a disclosure statement that: (1) identifies any parent corporation and any publicly held corporation owning 10% or more of its stock; or (2) states that there is no such corporation." LSF9 has not filed a Corporate Disclosure Statement in this case. Indeed, if LSF9 were a nongovernmental corporation, it would be required to comply with Rule 7.1. However, a document submitted by Plaintiffs in support of its motion confirms that LSF9 is a statutory trust formed under Delaware law. (ECF no. 42, Ex. C) Although a requirement that trusts file disclosure forms might further facilitate screening of circumstances calling for a federal judge's recusal, the Advisory Committee intentionally structured Rule 7.1(a) in a limited fashion, and "the language of the rule limits its application to nongovernmental corporations and does not embrace other economic entities." 5 Charles Alan Wright et al., Federal Practice and Procedure § 1197 (3d ed. 2016). Therefore, as a trust, LSF9 is not subject to Rule 7.1.

2

Notice of Rescission to Deutsche Bank.[2] (*Id.* ¶ 22) Plaintiffs allege that none of the defendants contested the Notice of Rescission within the twenty days required under TILA. (*Id.* ¶¶ 17, 20, 23) Both U.S. Bank and Deutsche Bank claim an interest in the Plaintiffs' mortgage and property. (*Id.* ¶¶ 8-9)

On July 1, 2015, Plaintiffs filed the four-count Complaint in this action as pro se litigants, seeking to enforce their right of rescission under TILA. (Compl. ¶ 4) Counts One and Two demand the enforcement of rescission under U.S.C. § 1635(a) (granting consumers the right to rescind) and 12 C.F.R. § 226.23 (stating that rescission is effective when the consumer mails the notice of rescission). (*Id.* ¶¶ 26-27, 39-40) Count Three alleges that the transaction was never consummated. (*Id.* ¶¶ 66-78) Count Four demands restitution arising out of Plaintiff's alleged rescission. (*Id.* ¶ 85) In particular, Plaintiffs demand that the defendants return at least $88,000 that they paid under the note, as well as statutory fines, damages, attorney's fees and costs. (*Id.*)

### III. DISCUSSION

#### A. Legal Standard

Defendants HFC III, U.S. Bank, and LSF9 have moved to dismiss the Complaint for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6). Rule 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if it fails to state a claim upon which relief can be granted. The defendant, as the moving party, bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a Rule 12(b)(6) motion, a court must take the allegations of the complaint as true and draw reasonable inferences in the light most favorable to the plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (traditional "reasonable inferences" principle not undermined by *Twombly*, see *infra*).

---

[2] Deutsche Bank is a defendant in this action, but did not file a motion to dismiss. Because none of the grounds for dismissal are specific to the movants, the complaint will be dismissed in its entirety.

Federal Rule of Civil Procedure 8(a) does not require that a complaint contain detailed factual allegations. Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the complaint's factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, so that a claim is "plausible on its face." *Id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). That facial-plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Iqbal*, 556 U.S. at 678.

Where, as here, a plaintiff is proceeding *pro se*, the complaint is "to be liberally construed," and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). Nevertheless, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). "While a litigant's pro se status requires a court to construe the allegations in the complaint liberally, a litigant is not absolved from complying with *Twombly* and the federal pleading requirements merely because s/he proceeds pro se." *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010) (citation omitted).[3]

---

[3] Defendants U.S. Bank and LSF9 move in the alternative to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction. They cite several doctrines: 1) the *Colorado River* doctrine; 2) New Jersey's entire controversy doctrine; 3) the *Rooker-Feldman* doctrine; 4) res judicata; and 5) collateral estoppel or issue preclusion. Certain of these doctrines (res judicata, collateral estoppel, entire controversy) are not jurisdictional. I assume the 12(b)(1) motion is not intended to apply to them.

The application of *Rooker* is doubtful, because the defendants do not claim that there has been a final judgment in the State foreclosure action. (*See* ECF no. 36-1 at 9

## B. Truth in Lending Act (TILA) Claims

Plaintiffs seek to enforce the rescission of the note and mortgage allegedly effected by operation of law on February 20, 2015, pursuant to the Truth in Lending Act ("TILA"), 15 U.S.C. § 1635. Under TILA:

> Consumers have an absolute right to rescind for three business days after closing on the loan. [15 U.S.C.] § 1635(a). To exercise this "no questions asked" right of rescission, the obligor on the mortgage note must simply notify the creditor of his intention to do so, consistent with the applicable regulations. *Id.* § 1635(a), (b). No court filing is necessary to effectuate this right. If the lender fails to make the requisite disclosures before the loan commences, the three-day restriction on the right of rescission does not begin to run. A consumer who does not receive the requisite disclosures has a right to rescind that lasts until three days after the disclosures are received. *Id.* § 1635(a). That right of rescission is not perpetual, however, even if the consumer never receives all of the requisite disclosures. The right "expire[s] three years after the

---

("The Foreclosure Action is still pending ....")) *See Exxon Mobil Corp. v. Saudi Basic Indus., Inc.*, 544 U.S. 280, 284 (2005).

*Colorado River* abstention, though jurisdictional in nature, may require no more than a stay of federal proceedings, and is dependent on a complex weighing of factors that may require the development of a factual record. *See Nationwide Mut. Fire Ins. Co. v. George V. Hamilton, Inc.*, 571 F.3d 299, 307 (3d Cir. 2009).

I therefore assume at the outset that the Court possesses subject matter jurisdiction. The plaintiffs assert a claim under a federal statute, suggesting strongly that there is federal-question jurisdiction. *See* 28 U.S.C. § 1331. Because it does not appear to a certainty—at least at the present stage of the proceedings—that no federal question is presented, and because the complaint is so clearly time-barred by a statute of repose, I would grant the motions of HFC III, U.S. Bank, and LSF9, on a Rule 12(b)(6) basis.

Finally, however, there is authority for the proposition that the TILA statute of repose is itself of jurisdictional stature. *Miguel v. Country Funding Corp.*, 309 F.3d 1161, 1164 (9th Cir.2002) ("[Section] 1635(f) is a statute of repose, depriving the courts of subject matter jurisdiction when a [Section] 1635 claim is brought outside the three-year limitation period."). *See also Beach v. Ocwen Federal Bank*, 523 U.S. 410, 118 S. Ct. 1408 (1998) (TILA 3-year period is not a mere time limit, but a limitation on the underlying right); *Williams v. Wells Fargo Home Mortg., Inc.*, 410 Fed. App'x 495, 499 (3d Cir. 2011) (holding that "the right ceases to exist once a statute of repose has run"). Because the analysis herein does not exceed what can be considered on a Rule 12(b)(6) motion, the distinction between 12(b)(6) and 12(b)(1) makes no difference here.

5

> date of consummation of the transaction or upon the sale of the property, whichever occurs first." *Id.* § 1635

*Sherzer v. Homestar Mortgage Servs.*, 707 F.3d 255, 256 (3d Cir. 2013). The requirement that a request for rescission under TILA be brought within three years is a firm deadline, *i.e.*, a statute of repose that is not subject to tolling. *See* 15 U.S.C. § 1635(f); *Community Bank*, 622 F.3d at 301 n.18; *Williams v. Wells Fargo Home Mortg., Inc.*, 410 Fed. App'x 495, 499 (3d Cir. 2011).

"Consummation" is defined as "the time that a consumer becomes contractually obligated on a credit transaction." Regulation Z, 12 C.F.R. § 226.2(a)(13). The point at which a consumer becomes "contractually obligated" defined by state law. *See Carmen v. Metrocities Mortg.*, No. 08-2729, 2010 WL 421115, at *6 (D.N.J. Feb. 1, 2010) (citing *Jackson v. Grant*, 890 F.2d 118, 120 (9th Cir. 1989)). "Under New Jersey state law, the elements of a valid contract are offer, acceptance, and consideration." *Timm v. Wells Fargo Bank, N.A.*, No. CV158363MASTJB, 2016 WL 5852848, at *3 (D.N.J. Sept. 29, 2016) (citing *Smith v. SBC Commc'ns Inc.*, 839 A.2d 850, 283 (N.J. 2004)). It follows that once those elements were in place, the consumer is "contractually obligated." That date is the closing date, when the contract is executed. *See Bartholomew v. Northampton Nat. Bank of Easton, Easton, Pa.*, 584 F.2d 1288, 1296 (3d Cir. 1978).

The defendants argue that the Complaint should be dismissed on the grounds that the loan transaction was consummated on March 21, 2007, upon the execution of the loan refinancing. In their view, Plaintiffs' right to rescind expired, at the latest, on March 21, 2010, under the TILA three-year statute of repose. (ECF nos. 34-4 at 8, 36-1 at 17) Plaintiffs' notice of rescission, however, was furnished in February 2015—nearly eight years after the loan refinancing and nearly five years after the expiration of the TILA statute of repose.

Plaintiffs respond that their notice was nevertheless timely. First, they allege that the defendants never made disclosures required by TILA. (Compl. ¶¶ 14, 46-47) Consequently, the three-day restriction on the right of rescission never began to run. Plaintiffs further argue that the three-year statute of

6

repose was never triggered because the credit transaction was never consummated. That alleged lack of consummation is premised on Plaintiffs' argument that they were never contractually obligated to HFC III by the note and mortgage.

Plaintiffs' conclusory legal allegations are unsupported by well-pled, plausible facts permitting an inference that their contractual obligations on the note and mortgage did not arise. They allege that HFC III was the loan originator but did not itself fund the loan. (Compl. ¶¶ 14, 29, 46, 72, Ex. A) "[R]ather, someone else or some other entity [was responsible for] funding and/or lending and/or table funding the loan." (Compl. ¶ 72) HFC III, they say, earned a "commission" on the loan by "posing" as the lender. (*Id.*) HFC III thus allegedly "us[ed] subterfuge" to conceal its actual role in the loan transaction. (Compl. ¶¶ 14, 29, 73) Essentially, Plaintiffs allege that HFC III was not the "true lender" because the money came from elsewhere. Without a properly identified lender, they say, there was no enforceable contract under New Jersey law.[4]

It is no ordinary fraudster which obligates itself to, and does, advance $484,000 to its "victim," concealing only the ultimate source of the funds. At any rate, Plaintiffs' reasoning fails because the Complaint's allegations do not plausibly support an inference that the contract between Plaintiffs and HFC III was unenforceable under New Jersey law for lack of an identified lender.

---

[4] The Complaint also appears to allege fraud and intentional misrepresentation of the true lender's identity. (*See, e.g.*, Compl. ¶¶ 73-74, 76) Aside from failing to plead all of the elements of fraud, let alone with the particularity required by Fed. R. Civ. P. Rule 9(b), the additional allegations depend on the same unsupported assertion that underlies the lack of a valid contract theory—that HFC III misrepresented that it was the lender when it was not in fact the true lender.

In their opposition briefs, Plaintiffs additionally argue that there was no valid contract formation because Plaintiffs and the defendants never exchanged consideration. (ECF nos. 45 at 20, 46 at 41) Because the Complaint does not contain any allegations that Plaintiffs did not receive the mortgage loan, this appears to be a variation on Plaintiffs' allegations that the loan was funded by a third party, not HFC III.

7

Pursuant to the refinance loan on the Property, Plaintiffs were to, and apparently did, receive $468,967.49. The loan agreement clearly identifies HFC III as the lender, and the note and mortgage are likewise between the plaintiffs and HFC III.[5] (Compl. ¶¶ 5, 11; Ex. A) The Complaint also clearly indicates that Plaintiffs executed the note and mortgage. (*Id.* ¶¶ 11-12) Plaintiffs do not allege that they did not receive the benefit of their refinance loan, and do not allege factually that they received the benefit from a party other than HFC III.[6]

Even if I credit the Complaint's unsupported allegation of third-party funding,[7] that fact would not render the note and mortgage unenforceable under state law. There is no plausible allegation that the loan was not funded; the documents clearly reflect that the refinancing occurred, and plaintiffs themselves base their claim upon their having made monthly payments on the loan totaling some $88,000. Assuming that HFC III, rather than drawing on its own funds, caused the funding to issue from some third party, that would not vitiate its status as the party that contracted with Plaintiffs. Plaintiffs offer no legal authority for their theory that consummation occurs only if the identified creditor/mortgagor self-funds the loan. Nor do Plaintiffs point to persuasive authority that, despite the clear identification of a lender in the executed loan

---

[5] See *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) ("an exception to the general rule is that a 'document integral to or explicitly relied upon in the complaint' may be considered 'without converting the motion to dismiss into one for summary judgment.' ") (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997)); *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

[6] In fact, Exhibit B to the Complaint is a letter from HFC III to Plaintiffs following the processing and disbursement of the loan that provides information about HFC III's servicing of the loan.

[7] The Complaint alleges no facts giving rise to a plausible inference that Plaintiffs' loan was funded by anyone other than HFC III. Plaintiffs' briefing does no better. In addressing this point, Plaintiffs merely "invite" the defendants to prove that HFC III self-funded the loan. (ECF nos. 45 at 20, 46 at 41) ("Plaintiffs invite Defendant to show the actual consideration i.e. money that came from Defendant's bank account and exchanged hands with Plaintiffs consummated the transaction.") But it is Plaintiffs' burden to meet the pleading standards of Rule 8(a) by alleging facts supporting a plausible inference, and they fail to do so here.

documents, no contract is formed until an alleged third-party funder is disclosed. See Schiano v. MBNA, No. CV 5-1771 (JLL), 2016 WL 4257761, at *10 (D.N.J. Aug. 10, 2016) (rejecting similar theory). In short, if HFC III honored its funding obligation to the Plaintiffs, it doesn't really matter where it got the money.

Although Plaintiffs cite as support *Jackson v. Grant*, 890 F.2d 118 (9th Cir. 1989), that case is inapposite. The *Jackson* court held that a loan transaction was not "consummated" for the purpose of TILA's notice requirements until a lender was identified. *Id.* at 121. The loan documents signed by the borrower and broker initially left the lender's name blank and the borrower granted the broker the authority to later fill in the name of a lender. *Id.* The loan documents also explicitly stated that the broker was *not* the lender and that the borrower was not guaranteed a loan at the time of signing the loan documents. *Id.* As the court explained: "No one, including [the broker], had agreed to extend credit to [the borrower] as of that date and no loan transaction was 'consummated.'" *Id.* The court held that the transaction was only consummated at a later date when the broker, unable to find another lender, agreed to fund the loan itself. *Id.* In short, the *Jackson* agreement was a contract between a would-be borrower and a broker, who undertook to *find* a lender.

The contract in this case is different. HFC III contracts to be a lender, not a broker. HFC III was clearly identified as the lender (not a broker) on March 21, 2007, when Plaintiffs and HFC III executed the promissory note and security agreement. HFC III undertook to advance the funds, and if it had failed to do so, it would have been in breach. The Plaintiffs undertook the obligations of borrowers and mortgagors. They were contractually obligated by the execution of the agreement, note and mortgage on March 21, 2007. There are no facts plausibly alleged that would vitiate that obligation. Based on the allegations in the Complaint, the transaction was consummated on March 21, 2007. As a result, Section 1635(f)'s three-year statute of repose extinguished

Plaintiffs' right of rescission on March 21, 2010. The February 20, 2015 "Notice of Rescission" sent to HFC III and U.S. Bank came nearly five years too late.

Accordingly, the Complaint, which demands restitution and enforcement of rescission, must be dismissed in its entirety.

### IV. CONCLUSION

For the reasons set forth above, I will deny Plaintiffs' motion to deem LSF9's motion to dismiss deficient and strike it from the record. (ECF no. 42) I will grant the motions of Defendants HFC III, U.S. Bank, and LSF9 (ECF nos. 34, 36) to dismiss the Complaint for failure to state a claim. Because the complaint is time-barred under a categorical three-year statute of repose, which is not subject to tolling, this dismissal is with prejudice. An appropriate Order follows.

Dated: November 17, 2016

_____
HON. KEVIN MCNULTY, U.S.D.J.